Louis G. Bruhn, J.
This is a proceeding in the nature of an article 78 CPLR which seeks first a hearing and then “ a final order setting aside and declaring a nullity the failing results of the examinations given in April, 1964 and further directing-respondents to change the examinations prepared for December 14, 1964, making the same more amenable to the intent of the legislature and granting to petitioners their rights under the grandfather clause therein contained * *
The respondents in turn move for an order pursuant to CPLR 7804 (subd. [f]) dismissing the petition herein “ on the ground that it is insufficient in law in that it does not state facts to entitle the petitioner to the relief demanded or to any other relief on the merits.”
The disposition of this latter motion to dismiss is all that is present for decision at this time.
An adequate determination of the motion necessitates an understanding of the legislative scheme of examinations proposed for chiropractors under the new article 132 of the Education Law of the State of New York.
Basically, the Legislature has divided applicants into four distinct classifications which, for sake of reference according to seniority, I shall designate as “A ”, “ B ”, “ C ” and “ D ”.
Group “ A ” consists of those who have engaged in the practice for at least 15 years immediately prior to July 1, 1963.
*228 Group “ B ” consists of those who have engaged in the practice for at least seven years and not more than 15 years immediately prior to July 1, 1963.
Group “ O ” consists of those who have engaged in the practice for at least two years and not more than seven years immediately prior to July 1, 1963.
Group “ D ” consists of those who have engaged in the practice less than two years prior to July 1,1963.
Under section 6556 of new article 132 of the Education Law group “ A ” applicants must pass ‘ ‘ an examination prepared by the board in the practice of chiropractic and an examination in the use and effects of X-ray.” (Italics supplied.)
Group “ B ” applicants must pass “ an examination prepared by the department in the fundamentals of anatomy and physiology, and an examination prepared by the board in chiropractic and in the use and effects of X-ray.” (Italics supplied.)
Group “ C ” applicants must pass “ an examination prepared by the department in the basic subjects of anatomy, physiology, chemistry, hygiene, bacteriology, pathology, and diagnosis; and ” must pass a “ written examination prepared by the board in the use and effects of X-ray and a practical examination prepared by the board in chiropractic.” (Italics supplied.)
Group “ D ” applicants must pass “ written examinations in clinical chiropractic analysis, X-ray as it relates to chiropractic analysis; and the practice of chiropractic, and a written examination in the following basic subjects: anatomy, physiology, chemistry, hygiene, bacteriology, pathology, diagnosis and the use and effects of X-ray.” (Italics supplied.)
Consistent with the so-called grandfather concessions generally recognized in licensing statutes this legislative scheme certainly suggests that examinations of a more comprehensive and rigid character are required to be passed by those with less years of practice than by those having more.
The question of whether the instant petition -is adequate as a pleading must be resolved within the framework of such allowances and variances and within the well-recognized rules that when the sufficiency of a pleading is attacked all of the allegations thereof and all inferences reasonably to be derived therefrom must be deemed to be true.
An examination of the instant petition suggests that its adequacy or inadequacy as a pleading in an article 78 proceeding rests in the allegations of paragraphs “ 31 ” and “ 12 ” thereof.
Paragraph “ 11 ” alleges: “ 11. Upon information and belief the examination in the ‘ practice of chiropractic ’ which was given to the petitioner Eiddett was the same examination as the *229 one given to the other categories of applicants pursuant to Section 6556, Subdivisions 2, 3 and 4, and was not specially prepared for practitioners engaged in the practice of chiropractic for more than fifteen years.” (Italics supplied.)
Paragraph “ 12 ” alleges: “ Upon information and belief the examinations ‘ ‘ in the Fundamentals of anatomy and physiology ’ ’ given to the petitioner Spadola were the same examinations as the ones given to the other categories of applicants as were set forth in Section 6556, Subdivision 3-b and 4, in the ‘ basic rights ’ of anatomy and physiology.” (Italics supplied.)
Bearing in mind that the petitioners herein are within groups “ A ” and “ B ” and accepting the allegations aforementioned as true, we must conclude that they charge a violation of a statute which mandates that different, and not the same, types of examinations must be given to the various defined groups involved.
Under those circumstances, the petition is adequate as a pleading seeking mandamus or some other article 78 CPLB type of relief.
It is to be understood that such conclusion relates only to the question of the sufficiency of the pleading and nothing more.
Therefore, for the reasons stated, the respondents’ motion is denied, without costs, hut with leave to them to serve and file their answer within 10 days after service of the order with notice of entry.