[759 NYS2d 788]

In the Matter of DOMINIC J. BELMONTE et al., Respondents, v ROBERT R. SNASHALL, as Chair of New York State Workers' Compensation Board, et al., Appellants.

Third Department, April 17, 2003

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General*, Albany (*Kathleen M. Treasure* of counsel), for appellants.

*Ganz, Wolkenbreit & Friedman L.L.P.*, Albany (*Robert E. Ganz* of counsel), for Dominic J. Belmonte and others, respondents.

*Sullivan, Cunningham, Keenan, Mraz & Lemire*, Albany (*Mary Mraz* of counsel), for Librada Santos, respondent.

*Hiscock & Barclay L.L.P.*, Albany (*Steven Volkheimer* of counsel), for Donald J. Cally and others, respondents.

*Colleran, O'Hara & Mills,* Garden City (*John S. Groarke* of counsel), for New York State AFL-CIO, amicus curiae.

### OPINION OF THE COURT

MERCURE, J.P.

Workers' Compensation Law § 137 (3) (a) requires that "[o]nly a New York state licensed and board certified physician, surgeon, podiatrist or any other person authorized to examine or evaluate injury or illness by the board" perform independent medical examinations (hereinafter IMEs) in connection with workers' compensation claims.[1] Petitioners, licensed physicians whose practices consist primarily of conducting IMEs, challenge respondents' determination that the term "board certified," as used in Workers' Compensation Law § 137, means certification by a specialty board recognized by the American Board of Medical Specialties (hereinafter ABMS) or the American Osteopathic Association (hereinafter AOA) (*see* 12 NYCRR 300.2 [b] [2] [ii] [a]; [3]).[2] In addition, petitioners challenge respondents' denials of their applications for authorization to conduct IMEs on the ground that petitioners are not certified by specialty boards recognized by the ABMS or AOA.[3]

Considering all of the petitioners together, Supreme Court partially converted the six proceedings into one declaratory

---

1. Workers' Compensation Law § 137 (5) similarly provides that IMEs "shall be performed by a practitioner who is licensed and board certified in the state of New York or any other person authorized to examine or evaluate injury or illness by the board."

2. These certification requirements were previously contained in 12 NYCRR 300-2.1 (b) (2) (i) and (c).

3. While not certified by the ABMS or AOA, most of the petitioners are certified by other medical boards or in the process of obtaining certification. We also note that the death of one of the petitioners, John Fraser, while this appeal was pending extinguishes his claim. The matter may proceed, however, as to the remaining petitioners (*see* CPLR 1015 [b]).

judgment action. Supreme Court noted that other courts considering similar challenges to Workers' Compensation Law § 137 concluded that the construction by respondent Workers' Compensation Board (hereinafter the Board) of the term "board certified" is entitled to deference as an agency determination involving "knowledge and understanding of underlying operational practices or entail[ing] an evaluation of factual data and inferences to be drawn therefrom" (*Matter of Rosenblum v New York State Workers' Compensation Bd.*, 190 Misc 2d 588, 590 [2002]; *Matter of Sorrel v New York State Workers' Compensation Bd.*, Sup Ct, NY County, Dec. 7, 2001, DeGrasse, J., Index No. 118010/0). Nevertheless, in a comprehensive decision, the court treated the matter as one of pure statutory interpretation, declared respondents' interpretation of section 137 invalid, invalidated the regulations to the extent that they required physicians to be certified by the ABMS or AOA, annulled respondents' denials of authorization to petitioners and remanded the matter to the Board. Respondents appeal.

Respondents argue that construction of the term "board certified" falls within the expertise of the Board and, thus, its interpretation is entitled to deference. They further assert that regardless of whether their interpretation is entitled to deference, "board certified" is a term of art referring to additional qualifications earned by a professional in his or her field and, in the context of the medical profession, to certification by a medical specialty board. Respondents maintain that in declining to specify which medical boards should certify physicians performing IMEs, the Legislature delegated that task to the Board as the agency charged with administering the statute. We disagree.

As an initial matter, we conclude that the Board's interpretation is not owed deference. " '[A]n administrative agency's interpretation of the statute it is charged with implementing is entitled to varying degrees of judicial deference depending upon the extent to which the interpretation relies upon the special competence the agency is presumed to have developed in its administration of the statute' " (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996], quoting *Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47 [1988]). Thus, " '[w]here the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom,' " courts should defer to the agency charged with administering the

statute, unless its interpretation is irrational (*Matter of Gruber [New York City Dept. of Personnel—Sweeney], supra* at 231, quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *see Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359, 371 [1999]; *Matter of Murray v St. Joseph's Hosp.*, 232 AD2d 692, 693 [1996]). Courts need not defer to an agency's interpretation, however, if " 'the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, [since] there is little basis to rely on any special competence or expertise of the administrative agency' " (*Matter of Gruber [New York City Dept. of Personnel—Sweeney], supra* at 231, quoting *Kurcsics v Merchants Mut. Ins. Co., supra* at 459; *cf. Matter of Albano v Board of Trustees of N.Y. City Fire Dept.*, 98 NY2d 548, 553 [2002]).

Although we are mindful of the Board's broad authority to adopt regulations consistent with the provisions of the statute (*see* Workers' Compensation Law § 117 [1]; § 141), the essential question presented here—whether the Legislature intended the term "board certified" to mean certification by the Board or certification by medical boards to be chosen by the Board—does not implicate the Board's specialized knowledge or expertise in the administration of the statute (*see Matter of Dworman v New York State Div. of Hous. & Community Renewal, supra* at 371). Thus, this question "may be resolved by considering the relevant statutory language, design and purpose" (*Matter of Gruber [New York City Dept. of Personnel—Sweeney], supra* at 232), and Supreme Court properly treated the matter as one of pure statutory interpretation and analysis.

Contrary to respondents' argument that the term "board certified" should be read as a term of art meaning credentialing by an independent medical board, Supreme Court correctly looked to the definition of "board" provided in the statute (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 233 [words of technical or special meaning are construed according to that meaning *only* "in the absence of anything to indicate a contrary legislative intent"]). Workers' Compensation Law § 2 (2), which is applicable to Workers' Compensation Law § 137, provides that " '[b]oard' means the work[ers'] compensation board of the state of New York." There is nothing in the statute to indicate that the Legislature intended the definition of "board" to vary with the context of any given provision (*cf. Matter of Gruber [New York City Dept. of Personnel—Sweeney], supra* at 234-235).

Moreover, even considering the context of the use of the term "board certified," we observe that in both subdivisions (3) and (5) of Workers' Compensation Law § 137, the word "board" appears multiple times and is otherwise used in a manner that indisputably refers to the Board. Inasmuch as the same word used in a statute is presumed to have been used in the same sense throughout absent any indication to the contrary (*see Riley v County of Broome*, 95 NY2d 455, 466 [2000]; McKinney's Cons Laws of NY, Book 1, Statutes § 236), petitioners are correct that the term "board certified" should be read to mean certification by the Board.

Further, while respondents assert that the Board has no authority to certify those performing IMEs, we observe that Workers' Compensation Law § 141 provides that respondent Chair of the Board "shall be the administrative head of the workers' compensation board and * * * shall issue and may revoke *certificates of authorization* of physicians, chiropractors and podiatrists as provided in sections [13-a], [13-k] and [13-*l*] of this chapter" (emphasis added). Those provisions provide that injured employees may select any physician, podiatrist or chiropractor authorized by the Board. Thus, the Legislature has provided the Board with the authority to issue "certificates of authorization," i.e., to certify those performing IMEs, under certain circumstances.

The legislative history additionally supports our interpretation of the term "board certified." The Senate's Memorandum of Support indicates that under the law prior to the enactment of Workers' Compensation Law § 137, "since the Chair [did] not authorize persons who conduct IMEs, he or she ha[d] no power to discipline independent medical examiners who [did] not abide by the Workers' Compensation Law. [The amendment adding section 137] require[s] any physician, podiatrist, chiropractor or psychologist who performs IMEs to be authorized by the Chair. As a result, each [is] held to the same standards as authorized treating providers and could be disciplined in the identical manner" (Senate Mem in Support of L 2000, ch 473, 2000 McKinney's Session Laws of NY, at 1886). In summarizing the relevant portions of section 137, the memorandum explains that the provision requires that "those performing IMEs be *state licensed and Board authorized*" (*id.* at 1885 [emphasis added]). Thus, the memorandum indicates that the Legislature intended section 137 to *increase the Board's authority* over those conducting IMEs and to hold physicians, podiatrists, chiropractors and psychologists subject

to the same standards set by the Board for authorized treating providers. Construing section 137 as requiring that those performing IMEs be certified by the Board, as opposed to an independent medical board, advances this purpose of increasing the Board's authority and control over those performing IMEs.

Respondents argue that if the Legislature had intended the phrase "board certified" to mean certified by the Board instead of certified by a medical board, it would have used the term "certified by the board." They observe that in the remainder of the statute, the Legislature does not use the term "board" as an adjective, but invariably refers to the board through the use of a prepositional phrase. Respondents additionally note that two prior Assembly bills, which were not enacted, contained the following language: "Only a New York state licensed and *board certified* physician, surgeon, chiropractor, dentist, podiatrist, psychologist or any other person licensed to diagnose injury or illness *and certified by the board* shall perform such independent medical examination" (1999 NY Assembly Bill A 6261; 1998 NY Assembly Bill A 8212-A [emphasis added]). Respondents contend that because the Legislature ultimately changed the term "certified by the board" to "authorized by the board" in the version of the statute actually enacted (L 2000, ch 473), the statute should be interpreted as requiring that physicians be certified by a medical board but permitting other types of health care practitioners, including nonboard certified physicians, to perform IMEs if authorized by the Board.

We are unpersuaded, however, that these subtle distinctions in the grammatical usage of the term "board" and the change of the phrase "certified by the board" to "authorized by the board" overcome the presumption that the Legislature intended "board" to have the same meaning throughout the entire statute (*see Riley v County of Broome,* 95 NY2d 455, 466 [2000], *supra*). Although the statute refers to practitioners being "board certified," the Senate Memorandum in Support of the version of the bill that was enacted stated that the statute requires that "those performing IMEs be state licensed and Board *authorized*" (Senate Mem in Support of L 2000, ch 473, 2000 McKinney's Session Laws of NY, at 1886 [emphasis added]). Respondents do not dispute that "Board" here refers to the Workers' Compensation Board. We conclude that this language in the memorandum cuts against respondents' argument that the Legislature distinguished between use of the term "board" as an adjective or object of a preposition, or be-

tween the terms "certified" and "authorized." Moreover, while respondents are correct that the Legislature could have clarified its intent by using the term "certified by the board" to indicate that it was referring to the Board, we observe that the Legislature was also capable of defining the term "board certified" as meaning certified by the ABMS or AOA if that was its intent (*see e.g.* Mich Comp Laws § 333.2701 [a] [defining the term "board certified" as meaning "certified to practice in a particular medical specialty by a national board recognized by the American board of medical specialties or the American osteopathic association"]; *see also* Cal Bus & Prof Code § 2453.5; Fla Stat Ann § 458.3312; Haw Rev Stat § 453-3.5 [a] [1]; Mont Code Ann § 37-3-345 [2]; Tex Occ Code Ann § 155.003 [c] [2]).

Finally, while we do not reach the issue of whether the Board's choice of either the ABMS or AOA would be rational if the Legislature had delegated that question to it, we observe that this proffered interpretation is inconsistent with the language of the statute. Indisputably, the term "board certified" in Workers' Compensation Law § 137 (3) modifies "physician, surgeon, podiatrist." As respondents concede, neither the ABMS nor AOA recognizes a specialty board certifying podiatrists. Although respondents assert that podiatrists may fall into the category "any other person authorized to examine or evaluate injury or illness by the board" (Workers' Compensation Law § 137 [3] [a]), their interpretation renders the word "podiatrist" superfluous and, thus, should be rejected (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 104 [2001]).

We have considered respondents' remaining contentions and find them to be unavailing.

CREW III, PETERS, ROSE and KANE, JJ., concur.

Ordered that the judgment is affirmed, with one bill of costs.