■ In the Matter of the Claim of PATRICIA DREWES, Respondent, v GUTERL STEEL et al., Appellants, and LUMBERMENS INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 106] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 15, 2001, which ruled that the State Insurance Fund has waived its right to reimbursement by Lumbermens Insurance Company.

Claimant's husband died of mesothelioma, an occupational disease caused by decedent's workplace exposure to asbestos. A workers' compensation claim was established and Guterl Steel, decedent's last employer, was directly and primarily liable for the payment of workers' compensation benefits. After the compensation case was established, the State Insurance Fund (hereinafter SIF), Guterl's workers' compensation carrier, appealed to the Workers' Compensation Board for apportionment from Lumbermens Insurance Company, the carrier for a previous employer of decedent, and in 1995 Lumbermens was directed to contribute 21.6% of all compensation benefits paid to claimant (see Workers' Compensation Law § 44).

In 1997, claimant began settling third-party wrongful death claims arising from decedent's workplace exposure to asbestos against numerous defendants. Pursuant to Workers' Compensation Law § 29, claimant negotiated with and obtained the consent of the SIF to settle with several of the defendants. The SIF, without the knowledge and consent of Lumbermens, agreed to continue to pay a death benefit to claimant in return for payments from the settlement amount which would satisfy liens for medical benefits ($18,170.74) and death benefits ($40,678.24).* In December 2000, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision acknowledging the third-party settlement and noted that the net recovery of $341,749.06 received by claimant would suspend weekly compensation benefits of $234.03 until November 15, 2028. Claimant's compensation attorney immediately wrote to the Board in an effort to correct the decision to reflect the consent of the SIF to the third-party settlements and its agreement to continue uninterrupted compensation benefits to claimant. Upon receipt of this correspondence, Lumbermens immediately

* Lumbermens received no part of the payment made by claimant to satisfy the liens for medical and death benefits notwithstanding their 21.6% contribution to the compensation payments. Lumbermens' recoupment of its contribution to the SIF from these payments was deferred by the Board "to the court of competent jurisdiction pursuant to [Workers' Compensation Law] § 29 (1)."

objected to the third-party settlements on the ground that it was neither consulted nor did it consent to the settlements and was prejudiced thereby. At a subsequent hearing, the WCLJ decided the case without considering Lumbermens' objection but, on appeal, the Board held that both the SIF and Lumbermens had enforceable liens under Workers' Compensation Law § 29 (1) since each was liable for payment of compensation benefits. The Board further held that the SIF's failure to obtain Lumbermens' consent to the settlement resulted in a forfeiture of its right to further reimbursement from Lumbermens. The SIF and Guterl (hereinafter collectively referred to as SIF) appeal.

The main issue before us is whether the Board correctly decided that Lumbermens, liable to the SIF for 21.6% of all compensation payments pursuant to Workers' Compensation Law § 44, has an enforceable lien under Workers' Compensation Law § 29 requiring its consent to the third-party settlements. We agree with the Board's interpretation of the applicable statutory provisions and affirm. Workers' Compensation Law § 29 (1) provides in relevant part that any entity liable for the payment of compensation benefits shall have a lien on the net proceeds of any third-party recovery. Lumbermens was liable for the payment of 21.6% of claimant's compensation award after the SIF's successful application to the Board for apportionment and, therefore, it was entitled to a lien on the net proceeds of the third-party settlements, and its written approval to these settlements was required (*see* Workers' Compensation Law § 29 [5]).

In the alternative, the SIF argues that if Lumbermens' consent to the third-party settlements was required, it was claimant's duty to obtain such consent and, by failing to do so, she forfeited her right to 21.6% of the future compensation benefits that the SIF agreed to continue to pay. We disagree. We find that the Board's decision placing the responsibility upon the SIF to obtain Lumbermens' consent and forfeiting the SIF's right to contribution from Lumbermens for failing to do so (*see* Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 84 NY2d 13, 19 [1994]; *Matter of Stiffen v CNA Ins. Cos.,* 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Bernthon v Utica Mut. Ins. Co.,* 279 AD2d 728, 728 [2001]) to be rational, reasonable and consistent with its prior decisions (*see Matter of Mace v Owl Wire & Cable Co.,* 284 AD2d 672, 674 [2001]; *Matter of State Farm Mut. Auto Ins. Co. v Levin,* 263 AD2d 233, 237 [2000], *lv denied* 95 NY2d 754 [2000]; *see also Kaplan v Upjohn Healthcare Serv.,* 1990 WL 202787 [1990]).

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.