■ In the Matter of the Claim of DEBORAH A. CRISMAN, Appellant, v MARSH & McLENNAN COMPANIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [774 NYS2d 887]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed December 19, 2002, which, inter alia, ruled that decedent's father was entitled to a share of the death benefit award made in accordance with Workers' Compensation Law § 16 (4-b).

Decedent, a technician employed by Marsh & McLennan Companies, Inc., died in the September 11, 2001 terrorist attack upon the World Trade Center. At the time of his death, decedent was 25 years old, unmarried and had no dependents. Claimant,

decedent's mother, subsequently applied for the $50,000 death benefit payable to "surviving parents" pursuant to Workers' Compensation Law § 16 (4-b). Claimant's affidavit in this regard requested that the foregoing sum be paid to her and Richard Shelp, decedent's biological father. Shelp subsequently filed an affidavit requesting that the entire death benefit be paid to him alone.

By administrative decision dated February 13, 2002, which was reached without a hearing, the Workers' Compensation Board directed that claimant and Shelp each receive $25,000 in death benefits. Claimant subsequently sought to disqualify Shelp from receiving the $25,000 that he had been awarded based upon his abandonment of decedent when decedent was an infant. Upon review, a Board panel, inter alia, denied claimant's request to disqualify Shelp, finding that the plain language of Workers' Compensation Law § 16 (4-b) did not except from eligibility those "surviving parents" who have abandoned their children. Accordingly, the Board panel upheld Shelp's entitlement to one half of the death benefit payable under the statute.

In addition to pursuing the instant appeal, claimant filed an application for full Board review, which, according to claimant, was summarily denied. Thereafter, claimant, as the administrator of decedent's estate, successfully moved before Surrogate's Court to disqualify Shelp as a distributee of decedent's estate pursuant to EPTL 4-1.4, which precludes a parent from taking a distributive share of a deceased child's estate where such parent has, inter alia, abandoned a child while such child was under the age of 21. Armed with a favorable decision from Surrogate's Court, claimant made a second application for full Board review which, during the pendency of this appeal, was denied.

Although this matter presents an issue of pure statutory interpretation and, as such, requires no deference to the Board's interpretation of Workers' Compensation Law § 16 (4-b) (*see Matter of Belmonte v Snashall*, 304 AD2d 211, 214 [2003], *lv granted* 100 NY2d 513 [2003]), we nonetheless must determine whether the Board's interpretation of that statute indeed is rational (*see Matter of Drewes v Guterl Steel*, 305 AD2d 769, 770 [2003]). In this regard, Workers' Compensation Law § 16 (4-b) provides that where, as here, an employee is not survived by a spouse, child or certain other disabled or dependent individuals, the employee's death benefit "shall be paid to the deceased's surviving parents." Affording the term "parents" its plain and ordinary meaning (*see Matter of Orens v Novello*, 99 NY2d 180, 185-186 [2002]; McKinney's Cons Laws of NY, Book 1, Statutes § 232, at 392-393), and noting the absence of any qualifying or

limiting language, we conclude, as did a majority of this Court in *Matter of Caldwell v Alliance Consulting Group* (6 AD3d 761 [2004]), that the Board lacked the statutory authority to carve out an exception and exclude from the entitlement to death benefits a parent who "abandons" his or her child at an early age. Simply stated, Workers' Compensation Law § 16 (4-b) plainly and unequivocally provides, under the circumstances present in both *Caldwell* and the instant appeal, for payment of a death benefit to the deceased's "surviving parents." That is precisely what the Board did here and, in our view, absent some statutory qualification, limitation or exclusion to the contrary, the Board's decision in this regard was entirely rational and must, therefore, be affirmed.

Although we are not unsympathetic to the equitable concerns expressed by claimant, the fact remains that absent a judicial determination severing Shelp's parental ties, he remains one of decedent's surviving parents and, pursuant to the plain terms of Workers' Compensation Law § 16 (4-b), his status as such entitles him to the death benefit in question. To the extent that claimant relies upon other statutory provisions disqualifying an "abandoning" parent from a share of a deceased child's estate (*see* EPTL 4-1.4) or wrongful death proceeds (*see* EPTL 5-4.4 [a] [2]), two observations must be made. First, the failure of the Legislature to provide a comparable exclusion in Workers' Compensation Law § 16 (4-b) is compelling evidence that no such exclusion was intended. Moreover, citation to and reliance upon other statutory provisions only highlights, in our view, the need for the Legislature, and not this Court, to remedy the perceived inconsistency and/or inequity in this regard.

As to the issue of statutory intent, it seems highly unlikely that the Legislature intended that the scope and reach of Workers' Compensation Law § 16 (4-b) be determined on a case-by-case basis. Inviting a qualitative assessment of a particular parent's attributes in order to determine whether he or she is entitled to any, and if so, how much, of the death benefit payable under the statute certainly is not what the Legislature envisioned when it enacted Workers' Compensation Law § 16 (4-b).

Rose, J., concurs.

Lahtinen, J. (concurring). Constrained by our recent decision in *Caldwell v Alliance Consulting Group* (6 AD3d 761 [2004]), we concur in the result herein.

Cardona, P.J., and Carpinello, J., concur. Ordered that the decision is affirmed, without costs.