■ In the Matter of CHARLES A. CATAPANO, Respondent, v JOW, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 920]—

Malone Jr., J.

As noted in our prior decision, "[t]he Board has previously held that where the Fund has been found liable for reimbursement to the carrier under Workers' Compensation Law § 15 (8) (d), the carrier waives its right to that reimbursement if it does not obtain the Fund's consent to a settlement" (*id.* at 1362; *see Matter of Care Diagnostic Laboratory*, 2006 WL 832793, \*2, 2006 NY Wrk Comp LEXIS 2612, \*4 [WCB No. 2931 7021, Mar. 28, 2006]; *Matter of Brigotta Farmland*, 2006 WL 1064007, \*2-4, 2006 NY Wrk Comp LEXIS 3343, \*5-10 [WCB No. 8021 3739, Apr. 18, 2006]). Upon remittal, the Board found that this case is factually indistinguishable from its prior decisions and, therefore, treated it consistently therewith. Inasmuch as the Board's decision represents a rational, consistent interpretation and application of the relevant statute, we will not disturb it

33333

(*see* Workers' Compensation Law § 29; *see also Matter of Drewes v Guterl Steel*, 305 AD2d 769, 770 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Levin*, 263 AD2d 233, 237 [2000], *lv denied* 95 NY2d 754 [2000]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.