■ In the Matter of the Claim of STEVEN G. MANCINI, Respondent-Appellant, v OFFICE OF CHILDREN AND FAMILY SER-

VICES et al., Appellants-Respondents. WORKERS' COMPENSATION BOARD, Respondent. [57 NYS3d 725]—

Garry, J.P. Cross appeal from a decision of the Workers' Compensation Board, filed August 11, 2015, which ruled, among other things, that claimant was entitled to workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).

Claimant, a youth division aide at a juvenile facility for incarcerated youths, established a work-related injury to his left shoulder and left hip and was awarded workers' compensation benefits. In 2009, claimant was found to have a permanent partial disability with a 50% schedule loss of use of his left arm and was awarded workers' compensation benefits through June 4, 2011. Following the exhaustion of those benefits, claimant, who participated in a vocational rehabilitation program and became employed as a security officer, sought entitlement to additional compensation for impairment of wage-earning capacity pursuant to Workers' Compensation Law § 15 (3) (v). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant was entitled to additional compensation and that the award was not subject to the durational limitations of Workers' Compensation Law § 15 (3) (w). The Workers' Compensation Board, by decision filed April 18, 2014, modified the WCLJ's decision by finding that the additional compensation award pursuant to Workers' Compensation Law § 15 (3) (v) was subject to the durational limitations set forth in Workers' Compensation Law § 15 (3) (w). Claimant's subsequent application for reconsideration and/or full Board review was denied.

Following a hearing on July 21, 2014 to determine claimant's loss of wage-earning capacity and the number of weeks that benefits would be available, the WCLJ ruled that claimant had a 37.5% loss of wage-earning capacity entitling him to 275 weeks of benefits as of June 4, 2011, which is the date that the schedule loss of use award ended. By decision filed August 11, 2015, the Board modified that decision, finding that the effective date of loss of wage-earning capacity benefits was the date of the loss of wage-earning capacity finding, and thus, here, was at the conclusion of the July 21, 2014 hearing. This cross appeal ensued.

Claimant contends that the Board erred in finding that ad-

ditional compensation benefits awarded pursuant to Workers' Compensation Law § 15 (3) (v) are subject to the durational limits set forth in Workers' Compensation Law § 15 (3) (w). Workers' Compensation Law § 15 (3) (v) provides that additional compensation shall be payable for impairment of wage-earning capacity following termination of a scheduled award for the loss of 50% or more of a specified body member, provided such impairment of earning capacity is due solely to the established injury. The legislative purpose was to provide additional compensation for the most serious of the schedule awards, specifically the loss of an arm, hand, leg or foot, so as to be comparable to the forms of permanent partial disability (*see* Governor's Program Bill at 1-2, Bill Jacket L 1970, ch 286). Workers' Compensation Law § 15 (3) (v) thus specifically provides that determination of such additional compensation "shall be . . . in accordance with paragraph w of this subdivision."

Workers' Compensation Law § 15 (3) (w) pertains to all other cases of permanent partial disability not subject to a schedule award. The Legislature amended that provision as part of a comprehensive reform in 2007. "The amendment . . . capped the number of weeks that a person is eligible to receive benefits for a non-schedule permanent partial disability" (*Matter of Raynor v Landmark Chrysler*, 18 NY3d 48, 54 [2011], citing L 2007, ch 6, § 4). "Prior to the amendment, a permanently partially disabled worker was able to receive benefits for life" (*Matter of Raynor v Landmark Chrysler*, 18 NY3d at 54, citing Workers' Compensation Law former § 15 [3] [w]).

"Although this matter presents an issue of pure statutory interpretation and, as such, requires no deference to the Board's interpretation of [the two provisions of Workers' Compensation Law § 15 (3)], we nonetheless must determine whether the Board's interpretation of that statute indeed is rational" (*Matter of Crisman v Marsh & McLennan Cos.*, 6 AD3d 899, 900 [2004] [citations omitted]). Contrary to claimant's contention, Workers' Compensation Law § 15 (3) (v) does not direct that only the amount of money payable shall be determined in accord with the provisions of Workers' Compensation Law § 15 (3) (w); the statutory language does not prohibit application of that latter provision to the durational period of benefit payments. Absent a statutory qualification limiting the applicability of Workers' Compensation Law § 15 (3) (w) in determining additional compensation pursuant to Workers' Compensation Law § 15 (3) (v), we find that the Board's decision represents a rational interpretation and application of the relevant statute,

and we will not disturb it (*see Matter of Catapano v Jow, Inc.,* 91 AD3d 1018, 1018-1019 [2012], *lv denied* 19 NY3d 809 [2012]; *Matter of Crisman v Marsh & McLennan Cos.,* 6 AD3d at 900-901).

Next, we are unpersuaded by the contention of the employer and its workers' compensation carrier that the Board's determination regarding the effective date of the durational limits—July 21, 2014—was arbitrary and capricious and without a rational basis. As set forth above, Workers' Compensation Law § 15 (3) (v) authorizes additional compensation for certain permanent partial disabilities following the termination of the scheduled award, which is calculated in accordance with Workers' Compensation Law § 15 (3) (w) to determine the amount and duration in consideration of a claimant's loss of wage-earning capacity. We find this matter distinguishable from the administrative decisions relied upon by the employer and its carrier. Here, claimant was already classified in 2009 with a permanent partial disability and received schedule loss of use benefits. Claimant reopened his claim and received reduced earnings from June 4, 2011 through July 21, 2014. Given that the additional compensation is sought pursuant to Workers' Compensation Law § 15 (3) (v), we do not find the Board's determination as to the effective date of the durational limits to be irrational and it therefore will not be disturbed.

Egan Jr., Lynch, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.