Matter of McMillan v Town of New Castle (2018 NY Slip Op 04801)





Matter of McMillan v Town of New Castle


2018 NY Slip Op 04801


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of the Claim of NICHOLAS McMILLAN, Appellant,
v
TOWN OF NEW CASTLE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for appellant.
William O'Brien, State Insurance Fund, White Plains (Kelly A. O'Neill of counsel), for Town of New Castle and another, respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of the Workers' Compensation Board, filed August 18, 2016, which ruled that claimant did not sustain a causally-related mental injury, and (2) from a decision of said Board, filed August 2, 2017, which denied claimant's request for reconsideration and/or full Board review.
Claimant, a police officer for over 10 years, filed a workers' compensation claim in August 2015 alleging that he had a work-related anxiety disorder with phobic features related to issues with blood. Claimant submitted a report from his treating psychiatrist supporting that diagnosis and finding that he has a "psychiatric disability of [a] marked degree." At the hearing, claimant testified to two incidents in 2014 in which he responded to calls and observed blood and experienced anxiety that, on the second occasion, rendered him unable to assist the victim and, further, that he thereafter ceased working in 2015. The chief of police also testified to the duties of police officers and their exposure to bloody scenes. A Workers' Compensation Law Judge concluded that claimant had an occupational disease that aggravated his preexisting anxiety, with a new aspect of phobias, and that he was entitled to workers' compensation benefits. On the appeal by the employer and its workers' compensation carrier, the Workers' [*2]Compensation Board reversed, finding that claimant was not entitled to benefits because the work-related stress that he was exposed to was not greater than that which usually occurs in the normal police work environment.
In September 2016, claimant applied for reconsideration and/or full Board review, which the carrier opposed. On April 10, 2017, while that application was pending, Workers' Compensation Law § 10 (3) (b) was materially amended, effective immediately. The amendment provided that, as relevant here, "[w]here a police officer . . . files a claim for mental injury premised upon extraordinary work-related stress incurred in a work-related emergency, the [B]oard may not disallow the claim, upon a factual finding that the stress was not greater than that which usually occurs in the normal work environment" (L 2017, ch 59, part NNN, subpart I, § 1 [eff Apr. 10, 2017]). Claimant's application for reconsideration and/or full Board review was thereafter denied by decision filed August 2, 2017. Claimant now appeals from both Board decisions.
Claimant argues that, in view of the substantive change in the law that occurred while his application was pending regarding claims for mental injuries sustained by first responders, the Board erred in denying his application for reconsideration and/or full Board review. Claimant points out that the change in the law went into effect months before the Board issued its decision on that reconsideration and full Board review application and that, since the law went into effect immediately, the Board should have taken it into consideration and applied it to his pending application. We agree.
On claimant's appeal from the denial of his application for review and/or reconsideration, "our inquiry is limited to whether the Board's denial of claimant's application was arbitrary or capricious or otherwise constituted an abuse of discretion" (Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018]; see Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]). In our view, by directing that the apparent substantive change in the law was to take effect immediately, "the Legislature clearly indicated that th[is] amendment[ is] to be viewed as remedial, designed to correct imperfections in prior law, by giving relief to [an] aggrieved party" (Matter of Asman v Ambach, 64 NY2d 989, 990 [1985] [internal quotation marks and citations omitted]). Moreover, as a general rule, "the law as it exists at the time a decision is rendered on appeal is controlling" (Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr., 64 NY2d 921, 922 [1985]; see Matter of Asman v Ambach, 64 NY2d at 990; Matter of Willard v Haab, 170 AD2d 820, 822 [1991], lv denied 78 NY2d 854 [1991]; cf. Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583-590 [1998]). Consequently, we find that, under these circumstances, the Board was bound to apply the law as it existed at the time it was considering and determining the reconsideration and/or review application, notwithstanding the parties' apparent failure to make supplemental arguments in submissions to the Board addressing this change in the law. Notably, this Court has not previously interpreted the amendment in issue and no reported judicial decision has been found addressing it. While we are not required to defer to the Board's statutory interpretation of a legislative amendment, the Board's interpretation is instructive, and our subsequent review will properly focus on "whether the Board's interpretation of [this amended] statute indeed is rational" (Matter of Mancini v Office of Children & Family Servs., 151 AD3d 1494, 1496 [2017], lv granted 30 NY3d 907 [2017]). Accordingly, although the Board's decision whether to grant the application was discretionary (see 12 NYCRR 300.13 [a] [2]; 300.14 [b]; see also Workers' Compensation Law § 23), we find that it was improvident for the Board to deny the application given the apparent significant intervening change in the law.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.