*563 OPINION OF THE COURT
Cipaeick, J.
This appeal presents a question of statutory interpretation— whether the term “board certified” as used in Workers’ Compensation Law § 137 (3) (a) means certification by a medical specialty board or certification by the Workers’ Compensation Board (WCB). We also address whether the regulations promulgated by the WCB appropriately defined “board certified” as certification by a medical speciality board recognized by either the American Board of Medical Specialties (ABMS) or American Osteopathic Association (AOA) (see 12 NYCRR 300.2 [b] [3]).
In 2000, the Legislature enacted the Injured Workers’ Protection Act (L 2000, ch 473), after a report by the New York State AFL-CIO and the New York Committee for Occupational Safety and Health detailing the problems with the then-in-place independent medical examination (IME) process[1] within the workers’ compensation system (New York State AFL-CIO and New York Committee for Occupational Safety and Health, Unjust Treatment: ‘Independent’ Medical Examinations & Workers Compensation in New York State <www.nycosh.org/ IME_Reportl.html> [last updated Dec. 30, 2002]). According to the report, the IME system was not sufficiently regulated, resulting in improper and fraudulent examinations and reports. The report made several recommendations, including that IME physicians should be New York State licensed “and certified by the New York State Workers’ Compensation Board” (Unjust Treatment).
In response, the Injured Workers’ Protection Act added section 137 of the Workers’ Compensation Law to provide that “[o]nly a New York state licensed and board certified physician, surgeon, podiatrist or any other person authorized to examine or evaluate injury or illness by the board shall perform such independent medical examination” (Workers’ Compensation Law § 137 [3] [a]).
*564 The statute goes on to state that IMEs “shall be performed by a practitioner who is licensed and board certified in the state of New York or any other person authorized to examine or evaluate injury or illness by the board” (Workers’ Compensation Law § 137 [5]). Although the Workers’ Compensation Law does not define the term “board certified,” it does define “[b]oard” as “the workmen’s [sic] compensation board of the state of New York” (Workers’ Compensation Law § 2 [2]).
In accordance with the new law, and consistent with the definition of board certified in current use as it relates to fee schedules, the WCB promulgated regulations defining “board certified.” Those regulations provide that, in order to conduct IMEs, a physician or surgeon must have an appropriate degree, meet the State Board of Medicine’s and Commissioner of Education’s licensing requirements and be “board certified” as further defined in the regulations (see 12 NYCRR 300.2 [b] [2] [ii] [a]). The regulations define “board certified” as “a physician or surgeon who is certified by a specialty board that is recognized by the [ABMS] or the [AOA]” (12 NYCRR 300.2 [b] [3]). There are separate requirements for podiatrists, chiropractors and psychologists, who are not medical doctors and cannot be certified by the ABMS or AOA (see 12 NYCRR 300.2 [b] [2] [ii] [b]-[d]).[2]
Petitioners are New York State licensed medical doctors who, prior to the enactment of the challenged provisions, performed IMEs in the course of their practice.[3] The WCB denied petitioners’ requests for authorization to conduct IMEs pursuant to Workers’ Compensation Law § 13-b (1) because they were not certified by an appropriate medical specialty board. Many of the petitioners are certified by specialty boards that are not recognized by ABMS or AOA. Some of the petitioners are “Crated” (designated a consultant in a certain speciality) by the WCB. This status is typically granted to those physicians certi *565 tied by the ABMS or AOA. However, the WCB occasionally grants a “C” rating to physicians who show a certain level of competence through years of experience, thus allowing such physicians to collect a higher fee for services.
Petitioners commenced separate CPLR article 78 proceedings seeking to annul the portion of 12 NYCRR 300.2 that required physicians to be ABMS or AOA board-certified in order to conduct IMEs, and to annul the WCB’s determination that petitioners were not authorized to conduct IMEs. After consolidating the actions, Supreme Court granted the petitions in part, finding that the language of the statute and the legislative history supported the interpretation that the term “board certified” referred to the WCB. Specifically, Supreme Court noted that the Workers’ Compensation Law defined the term “board” as the Workers’ Compensation Board (see Workers’ Compensation Law § 2 [2]), and held that the term should have the same meaning throughout section 137. The court also concluded that the WCB’s interpretation was irrational and that the determinations denying petitioners authorization to conduct IMEs should be annulled, converted the remainder of the proceedings to a declaratory judgment action and declared 12 NYCRR 300.2 (b) (2) (ii) (a) and 300.2 (b) (3)[4] invalid insofar as they required physicians to be ABMS or AOA board certified.
The Appellate Division affirmed, agreeing that deference to the WCB was not required for this question of pure statutory interpretation. The Court also found that the legislative intent was to give the Chair of the WCB the authority to discipline IME providers and that this purpose was served by making the providers subject to WCB certification (304 AD2d 211, 215-216 [2003]). It did not determine whether the Board’s choice of the ABMS or AOA for certification was rational, finding the WCB’s interpretation incompatible with the statutory language. We now reverse.
Analysis
Although we reach the same conclusion as the WCB, this is not a case where its interpretation of a statute is entitled to deference. Deference is generally accorded to an administrative agency’s interpretation of statutes it enforces when the interpretation involves some type of specialized knowledge (see Mat *566 ter of Gruber [New York City Dept. of Personnel], 89 NY2d 225, 231 [1996]). “By contrast, where ‘the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency’ ... In such circumstances, the judiciary need not accord any deference to the agency’s determination, and is free to ascertain the proper interpretation from the statutory language and legislative intent” (id. at 231-232 [citations omitted]).
A plain language reading of the statute supports the conclusion that “board certified” means certification by a medical specialty board. The phrase “board certified” is a term of art, typically understood to refer to approval by a designated group of professionals[5] (see McKinney’s Cons Laws of NY, Book 1, Statutes § 233). This is especially true when the phrase is used to describe physicians, who are commonly referred to as board certified. The Legislature has also used the term “board certified” in other statutes to refer to a medical specialty board (see Correction Law § 43 [1]; Insurance Law § 4900 [b] [2] [A] [ii]; Public Health Law § 4900 [2] [b] [i] [B]).
Petitioners attempt to separate the word “board” from the phrase “board certified,” contending that “board” should be given the same meaning throughout the provision. However, “board” can have a different meaning on its own than it does as part of the phrase “board certified.” The statutory definition should not be applied mechanically, regardless of context. Indeed, there are several places in the Workers’ Compensation Law where the term “board” is not used to refer to the WCB (see e.g. Workers’ Compensation Law § 13-d [1] [referring to county medical board]). Thus, the most natural interpretation is that “board certified” refers to certification by a medical specialty board and we read the statute accordingly (see e.g. Castro v United Container Mach. Group, Inc., 96 NY2d 398, 401 [2001]).
We likewise reject petitioners’ argument that the WCB’s construction of the statute renders the term “podiatrist” superfluous. The statute as we interpret it provides that physicians and surgeons must be state licensed and medical board certified (see Workers’ Compensation Law § 137 [3]). A podia *567 trist, who is not a medical doctor and thus cannot be medical board certified, is an “other person” who may be authorized to perform IMEs by the WCB (see Workers’ Compensation Law § 137 [3] [a]). Indeed, as the WCB notes, the phrase “board certified” would be superfluous under petitioners’ construction, since Workers’ Compensation Law § 13-b (1) and (2) were specifically amended in the same bill to give the WCB the power to authorize providers to perform IMEs (L 2000, ch 473, § 4).
The Appellate Division, First Department has also addressed this issue and reached the same conclusion we reach today (see Matter of Rosenblum v New York State Workers’ Compensation Bd., 309 AD2d 120 [1st Dept 2003]). Although that Court found that the WCB’s interpretation of the statute was entitled to deference, it also stated that “the WCB’s interpretation of the statute, which comports with its plain language, its purpose and its legislative history and gives meaning to every phrase, was a sound one even as a matter of pure statutory construction” (Matter of Rosenblum, 309 AD2d at 123).
Having determined that “board certified” should be read as certification by an appropriate medical specialty board, we next address whether the regulations requiring certification by the ABMS or AOA are rational. The WCB is authorized to “adopt reasonable rules consistent with and supplemental to the provisions of this chapter” (Workers’ Compensation Law § 117 [1]). This Court reviews administrative regulations to determine whether they are rational and to ensure that they are not arbitrary or capricious (see Matter of Levine v Whalen, 39 NY2d 510, 518 [1976]).
We conclude that the regulations at issue are rational and relate to the goals of the Injured Workers’ Protection Act. The statute requires that IME physicians be certified by a medical specialty board. The ABMS and AOA are organizations of approved medical and osteopathic specialty boards. Indeed the Medical Society of the State of New York specifically requested that the WCB designate only ABMS and AOA certifying boards. Requiring such board certification promotes the purpose of the statute since it provides a greater level of quality assurance as the physicians authorized to perform IMEs have attained a certain degree of professional competence as recognized by the certifying boards. That some of the petitioners have been retained as impartial specialists for the WCB does not render the regulation irrational. The Workers’ Compensation Law does not require such specialists to be “board certified” (see Work *568 ers’ Compensation Law § 13 [e]). Only specialists selected by employers in the first instance to perform IMEs need to be board certified.
Petitioners’ remaining claims are likewise without merit. Accordingly, the order of the Appellate Division should be reversed, with costs, the petition should be dismissed and the subject regulations should be declared valid to the extent challenged herein.
Chief Judge Kaye and Judges G.B. Smith, Rosenblatt, Geaffeo, Read and R.S. Smith concur.
Order reversed, etc.

. An independent medical examination is defined as: “an examination performed by an authorized or qualified independent medical examiner . . . for purposes of evaluating or providing an opinion with respect to schedule loss, degree of disability, validation of treatment plan or diagnosis, causal relationship, diagnosis or treatment of disability, maximum medical improvement, ability to return to work, permanency, appropriateness of treatment, necessity of treatment, proper treatment, extent of disability, second opinion or any other purpose recognized or requested by the board” (12 NYCRR 300.2 [b] [4]).

. In response to the WCB’s request for input on the implementation of this legislation, the Medical Society of the State of New York (MSSNY) noted that there was some ambiguity in the text of the statute. MSSNY thus requested that the WCB’s regulations specify that physicians must be state licensed and board certified by a medical specialty board recognized by ABMS and AOA, in addition to authorization by the WCB, in order to perform IMEs. Several months later, MSSNY requested that some of its older physicians who had a certain degree of skill and knowledge—“C” ratings—be “[glrandfathered” based upon their experience and that the WCB consider creating an exception to the board certification requirement to accommodate them.

. Two of the named petitioners died during the course of this litigation.

. Before Supreme Court, the regulations were numbered 12 NYCRR 300-2.1 (b) (2) (i) and 300-2.1 (c).

. Black’s Law Dictionary defines the adjective “board-certified” to mean “([o]f a professional) recognized by an official body as a specialist in a given field of law or medicine” (Black’s Law Dictionary 166 [7th ed 1999]).