In the Matter of the Claim of RAYMOND CLARK, Appellant, v SIARA MANAGEMENT, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [791 NYS2d 670]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 7, 2004, which, inter alia, denied claimant's motion to preclude an independent medical examination report.

Claimant was employed as a custodian for an apartment complex. He sustained injuries as a result of two separate work-related accidents in January 2000 and September 2000 and his applications for workers' compensation benefits were subsequently approved by the Worker's Compensation Board. In October 2003, the employer's workers' compensation carrier requested that claimant submit to an independent medical examination (hereinafter IME) by Charles Totero to assess, among

other things, claimant's need for further treatment. Thereafter, claimant moved to preclude Totero's written report from consideration, pursuant to Workers' Compensation Law § 137, on the basis that it had been mailed by UMC Medical Consultants, P.C.—an IME services company—rather than by Totero himself. A Workers' Compensation Law Judge denied claimant's motion, concluding that the report was properly mailed by UMC because it was Totero's direct employer. The Board affirmed that decision, prompting this appeal.*

Workers' Compensation Law § 137 (a) (1) requires that copies of IME reports "shall be submitted by the practitioner on the same day and in the same manner" to the Board and the appropriate parties. Failure to substantially comply with Workers' Compensation Law § 137 will result in the inadmissibility of the report (see 12 NYCRR 300.2 [d] [9]). In the instant case, after examining claimant on December 9, 2003, Totero drafted a report which was then submitted to the parties and the Board by UMC, which is properly registered as an IME company with the Board pursuant to Workers' Compensation Law § 13-n. As such, UMC was authorized to perform administrative services for Totero, such as mailing IME reports (see 12 NYCRR 300.2 [e] [1]). The Board is authorized to "adopt reasonable rules consistent with and supplemental to the provisions of this chapter" (Workers' Compensation Law § 117 [1]). We perceive nothing in these rules that is irrational, arbitrary or capricious (see Matter of Belmonte v Snashall, 2 NY3d 560, 567 [2004]). Thus, we find that the submission of Totero's report substantially complied with the requirements of Workers' Compensation Law § 137 and claimant's motion to preclude the report was properly denied.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

* We note that the Board amended its decision at issue by a decision filed December 24, 2004. However, the amendment did not affect the Board's decision to deny claimant's motion to preclude the IME report and is, therefore, irrelevant to the instant appeal.