■ In the Matter of the Claim of JOHN CORATTI, Appellant, v JON JOSEF HAIR & COLOUR GROUP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 236]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 9, 2004, which denied claimant's motion to preclude the report of the workers' compensation carrier's consultant.

In accordance with the direction of the Workers' Compensation Board, the employer's workers' compensation carrier submitted a consultant's report addressed to the issue of causation of claimant's asserted occupational illness. Although covered by a form that indicated it was a report of an independent medical examination (hereinafter IME), it is undisputed

---

that the consultant did not conduct an IME, and that the report was generated upon a review of claimant's medical records. Affirming the Workers' Compensation Law Judge's denial of claimant's motion to preclude the consultant's report for failure to comply with Workers' Compensation Law § 137 (1) (b), a Board panel concluded that the statutory provision does not apply to reports that are based only upon a records review.

Workers' Compensation Law § 137 (1) (b) states that "[i]f a practitioner who has performed or will be performing an [IME] of a claimant receives a request for information regarding the claimant . . . the practitioner shall submit a copy of the request for information to the board within ten days of receipt of the request." Whether this notice requirement applies to practitioners who generate reports upon a records review without performing an IME is a pure question of statutory interpretation, and thus, deference to the Board is not required (see *Matter of Belmonte v Snashall*, 2 NY3d 560, 565-566 [2004]). Nevertheless, we agree with the Board's conclusion that Workers' Compensation Law § 137 (1) (b) does not apply when, as here, the practitioner's report is based solely upon a review of a claimant's medical records.

Because it is expressly addressed to a practitioner "who has performed or will be performing an [IME] of a claimant," the plain language of Workers' Compensation Law § 137 (1) (b) supports the conclusion that a practitioner who has not performed or will not perform an IME need not comply with Workers' Compensation Law § 137 (1) (b). This conclusion is further supported by the plain language of the whole of Workers' Compensation Law § 137, which governs the conduct and reports of IMEs. The legislative history reveals that Workers' Compensation Law § 137, which was enacted in 2000, was intended to more closely regulate the IME process, which was yielding "improper and fraudulent examinations and reports" (*Matter of Belmonte v Snashall, supra* at 563; *see generally* Bill Jacket, L 2000, ch 473), and the notice provision set forth in Workers' Compensation Law § 137 (1) (b) seeks to provide claimants with "due-process rights or opportunities to rebut the IME findings" (New York State AFL-CIO and New York Committee for Occupational Safety and Health, *Unjust Treatment: "Independent" Medical Examinations & Workers Compensation in New York State* <http://www.nycosh.org/workers_comp/IME_Report1.html> [last updated Dec. 30, 2002], cached at <http://www.courts.state.ny.us/reporter/webdocs/NYCOSH_Independent_Medical_Examinations.htm>). Nothing in the legislative history suggests that Workers' Compensation Law § 137 (1) (b)

applies to reports generated upon a review of a claimant's records without an IME. Finally, where, as here, the plain language of the statute compels the conclusion that Workers' Compensation Law § 137 (1) (b) does not apply to records review reports, claimant's contention—that such an interpretation is inconsistent with the purpose of Workers' Compensation Law § 137 because many of the problems experienced with IME reports prior to the enactment of Workers' Compensation Law § 137 pertain to records review reports as well—is an argument properly addressed to the Legislature, not this Court.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.