■ In the Matter of the Claim of KAY STOUDENMYRE, Appellant, v LORETTO REST NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 290]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 7, 2004, which denied claimant's motion to preclude an independent medical examination report.

Claimant, a personal care aide, sustained an injury to her foot when a patient in an electric wheelchair ran into her. A Workers' Compensation Law Judge (hereinafter WCLJ) established her claim for workers' compensation benefits, made awards and closed the case pending claimant's submission of a medical report regarding the permanency of the injury. Subsequently, the WCLJ requested that the workers' compensation carrier obtain an independent medical examination (hereinafter IME) report to address, among other things, the permanency of claimant's injury. Thereafter, claimant moved to preclude the written report of the physician who performed the IME on the ground that it had been mailed to the parties and the Board by Brookside Consultants, Inc.—an IME services company—rather than by the physician himself, in violation of Workers' Compensation Law § 137. The WCLJ denied claimant's motion, the Board affirmed and claimant now appeals.

We affirm. As this Court recently decided in *Matter of Clark v Siara Mgt., Inc.* (16 AD3d 821 [2005]), properly registered IME services companies are authorized to perform administrative functions, such as mailing written IME reports to the Board and the parties, on behalf of independent examining physicians (*see* Workers' Compensation Law § 13-n; 12 NYCRR 300.2 [e] [1]). Here, as in *Matter of Clark v Siara Mgt., Inc.* (*supra*), the record reveals that the IME services company was properly registered with the Board and, therefore, its submission of the IME report substantially complied with Workers' Compensation Law § 137. Accordingly, claimant's motion to preclude the report was properly denied.

To the extent that they were preserved, claimant's remaining contentions were examined and found to be without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.