■ In the Matter of the Claim of FREDERICK WILEY, Respondent, v CITY OF WATERTOWN FIRE DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 740]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 31, 2005, which ruled, inter alia, that claimant was a covered employee under the Workers' Compensation Law.

Claimant, a paid firefighter, was injured in 1981 while working for the City of Watertown Fire Department. He received benefits pursuant to General Municipal Law § 207-a until 1999, when they were terminated because he was found to have engaged in other employment. After the termination was confirmed on appeal (*Matter of Wiley v Hiller*, 277 AD2d 1024 [2000], *appeal dismissed* 96 NY2d 852 [2001]), claimant applied for workers' compensation benefits for his injury. The employer contested the claim on the grounds that, among other things, the City of Watertown had not extended workers' compensation coverage to paid firefighters prior to claimant's injury and, in any event, his claim is time-barred. The Workers' Compensation Board, however, found that coverage had been extended by resolution of the Watertown City Council in 1933 and claimant's claim was not time-barred. The employer now appeals.

There is no dispute that paid firefighters are not specifically covered under the Workers' Compensation Law (*see Syracuse Police Dept.*, 2002 WL 1128160, *1, 2002 NY Wrk Comp LEXIS 92385, *2 [WCB No. 6010 1644, May 24, 2002]). Rather, the issue here is whether the City Council, nonetheless, extended coverage to previously uncovered employees pursuant to Workers' Compensation Law § 3 (1) (Group 19) by the resolution adopted in 1933. After considering whether the 1933 resolution clearly expresses an intent to extend coverage (*see generally Matter of Stoerzer v City of New York*, 267 NY 339, 341-343 [1935]), we are persuaded that such an intent is expressed only in the resolution adopted in 1984, after claimant had sustained his injury. As the Board acknowledged in its decision, the issue of whether there was coverage prior to 1984 turns on the meaning and effect of the 1933 resolution. However, because that issue is one of pure statutory interpretation and the legislative act to be interpreted is not among those that the Board is charged to implement, deference need not be accorded to the Board in this matter (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 566 [2004]; *Matter of Coratti v Jon Josef Hair & Colour Group*, 17 AD3d 768, 769 [2005]). "The controlling principle in statutory interpretation is the legislative intent, first sought in the words the Legislature has used" (*Way v Grantling*, 289 AD2d 790, 791 [2001] [citations omitted]). Accordingly, we

interpret the subject resolutions by first giving the words used their plain and usual meanings (*see e.g. Matter of Orens v Novello*, 99 NY2d 180, 185-186 [2002]).

By a resolution in 1920, the City Council first decided to carry its own workers' compensation insurance, but that resolution made no mention of the scope of coverage. The 1933 resolution initially recites that the City has been self-insured "for all its departments and boards and the employees thereof" for a number of years. It then states: "NOW, THEREFORE, BE IT RESOLVED, by the Council of the City of Watertown pursuant to Sub-Division 4a of Section 50 of the Work[ers'] Compensation Law . . . that the Department of Labor . . . be hereby notified of the election of the said City to carry its own [w]ork-[ers'] [c]ompensation without being insured . . . and to pay from funds appropriated therefor, any and all awards which may legally be made against the said City and in favor of any of its said employees or the employees of any of the Boards, Board of Education and departments thereof." The reference to Workers' Compensation Law § 50 (4) (a) and the provision for notification to the Department of Labor were not included in the 1920 resolution. They indicate that the resolution did not merely reiterate the City's self-insurance, but was intended to comply with the statutory requirement that it secure the payment of workers' compensation claims. We cannot agree with claimant that the resolution's subsequent reference to its employees and the employees of *its* boards or departments was intended to extend coverage to employees who were not previously covered by the Workers' Compensation Law. Rather, the inclusion of "any and all awards which may legally be made against the said City," reflects that the final phrase of the resolution was meant to clarify that the City would pay any legitimate workers' compensation claims. Implicitly, such claims could only be made by presently covered employees. Thus, we find no expression of an intent to enlarge the class of employees who would be covered.

By contrast, the 1984 resolution initially expresses the City's intent to cover all officers, employees and officials. It then states: "NOW THEREFORE BE IT RESOLVED that the City of Watertown will provide [w]orkers' [c]ompensation coverage for all employees of the City of Watertown, all elected and appointed officials and officers of the City of Watertown, and any other persons for whom the New York Workers' Compensation Law provides coverage under the City of Watertown's self-insured plan."

Here, unlike in the 1933 resolution, the City explicitly extends

coverage to those previously not covered under the Workers' Compensation Law. Thus, we conclude that the Board erred in finding that workers' compensation coverage was extended to paid firefighters before claimant was injured. In light of this conclusion, it is unnecessary to consider the employer's remaining contentions.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.