■ In the Matter of Earth Tech, Inc., Petitioner, v Linda Angello, as Commissioner of Labor, Respondent. [851 NYS2d 658]—

Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which found that petitioner failed to pay prevailing wages and supplements.

The City of Glens Falls, Warren County, was under a mandate

by the New York State Department of Health to filter its water supply. Rather than follow the traditional bidding process, the City sought to contract with one or more private entities for both the design and construction of a new water treatment plant as well as the operation and maintenance of its existing wastewater treatment plant and collection systems. At that time, the operation and the maintenance of such existing facilities was being performed by city employees who had their wages and benefits established pursuant to a collective bargaining agreement between the City and the Civil Service Employee's Association (hereinafter CSEA).

Special legislation was thereafter proposed, allowing the City to forgo the mandated bidding process. Included therein were provisions protecting city workers who were already operating and maintaining these facilities and a requirement that every agreement entered into between the City and a private entity for the construction of such facility pay prevailing wages pursuant to Labor Law § 220. The City issued a request for proposal to solicit bids for these purposes. Nowhere did it indicate that a successful bidder would be required to pay prevailing wages on this public contract under the Labor Law. On May 17, 2000, before a determination on the request for proposal was made but while the special legislation was still pending, petitioner entered into a memorandum of understanding with the City and CSEA whereby it agreed, among other things, that if it were awarded the operation and maintenance contract, it would "provide substantially equivalent compensation and benefits" to those workers who transferred to petitioner. On or about December 20, 2000, petitioner and the City entered into a contract for the operation and maintenance of the facilities and, as reflected in the earlier memorandum of understanding, then entered into a collective bargaining agreement to provide for compensation and benefits equivalent to that provided under the prior collective bargaining agreement. On July 30, 2002, the special legislation was enacted as the Laws of 2002 (ch 206). As here relevant, it mandated the payment of prevailing wages pursuant to Labor Law § 220 for construction, and further provided that "any [City] employee . . . then performing operation or maintenance work at any existing water filtration or wastewater treatment facility . . . shall be offered employment by any private entity assuming operation or maintenance responsibilities at such facility at no less than the wage then being earned by such employee and with equivalent benefits" (L 2002, ch 206, § 6).

After a hearing initiated by the Department of Labor concern-

ing whether petitioner complied with the requirements of Labor Law § 220 as it pertains to the wages and benefits it paid to former city workers now employed by petitioner in connection with the operation and maintenance work, it was found that Labor Law article 8 was applicable. Neither the language of the special legislation nor its legislative history indicated that it was "intended to silently supercede the strong and longstanding public policy of requiring the payment of prevailing wages and benefits pursuant to Labor Law § 220." The Hearing Officer further concluded that the separate mention of maintenance work in the special legislation was not intended to supplant Labor Law § 220 for this type of public work but "to ensure that continued employment be offered . . . to existing City employees . . . , at a rate not less than they then enjoyed" (emphasis omitted). Reasoning that a private employee performing such work would be entitled to prevailing wages under Labor Law § 220, he found that such payments were required to these workers as well. Respondent adopted the Hearing Officer's report and recommendation, thus prompting this proceeding.

The determination that Labor Law § 220 applies should be confirmed in light of its strong public policy to be "liberally construed to effectuate its beneficent purposes" (*Matter of Bridgestone/Firestone, Inc. v Hartnett*, 175 AD2d 495, 496 [1991]; *see* NY Const, art I, § 17; Labor Law § 220 [3]; *Matter of Lantry v State of New York*, 6 NY3d 49, 54 [2005]), which is to ensure that contractors engaged in public works projects pay wages and supplements at a rate "not less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work . . . is performed" (Labor Law § 220 [3]). To discern the legislative underpinnings of the special legislation by the words utilized (*see Matter of Wiley v City of Watertown Fire Dept.*, 39 AD3d 975, 976 [2007], *lv dismissed* 9 NY3d 948 [2007]; *Matter of Rodriguez v Burn-Brite Metals Co.*, 300 AD2d 904, 905 [2002], *affd* 1 NY3d 553 [2003]), we view the statute as a whole and consider each section in reference to one another (*see Matter of Notre Dame Leasing v Rosario*, 2 NY3d 459, 464 [2004]; *People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]). As "[a]ll new laws are supposed to be enacted with knowledge . . . of the existence and scope of the old laws" (*Davis v Supreme Lodge, Knights of Honor*, 165 NY 159, 166 [1900]), there must be a clear expression that a change was sought to be effected or that "the repugnancy between the two enactments is not only irreconcilable, but also clear and convincing, and following necessarily from the language used" (*id.*).

Nowhere in the special legislation did it state that it super-

cedes the constitutionally protected prevailing wage and supplement requirements embodied in Labor Law § 220 (*see Matter of Lantry v State of New York*, 6 NY3d at 54). In fact, it clarified that "[e]very agreement entered into between the [C]ity . . . and a private entity, . . . for the construction of a water filtration or wastewater treatment facility, shall require the payment of all applicable prevailing wages." The contention that construction contracts and operation and maintenance contracts should be treated differently has no merit when there is an expressed overriding concern that job and wage security should be ensured to those workers whom the City had employed prior to a change in the operation or maintenance of these existing facilities. Finding petitioner's reading of this special legislation to be overbroad and repugnant to the constitutional imprimatur embodied in Labor Law article 8 to protect the hours, wages and supplements of those city workers engaged in public works (*see Davis v Supreme Lodge, Knights of Honor*, 165 NY at 166), we confirm respondent's determination as consistent with the statutory language, legislative history and public policy.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.