■ In the Matter of the Claim of MARVA ESTANLUARDS, Appellant, v AMERICAN MUSEUM OF NATURAL HISTORY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [862 NYS2d 207]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2007, as amended by decision filed November 5, 2007, which ruled that claimant's evidence of schedule loss of use was properly precluded.

Claimant established a work-related injury to her right shoulder, right elbow and left hand. A subsequent independent medical examination (hereinafter IME) arranged by the employer resulted in a reported finding of a permanent $7^{1}/_{2}$% schedule loss of use of her right arm and no schedule loss of use of her left hand. Claimant's treating physician, while finding a permanent partial disability, did not opine as to a schedule loss of use. Claimant was then examined by physician Douglas Schwartz, who reported a 30% schedule loss of use of her right arm and a 20% schedule loss of use of her left hand. A Workers' Compensation Law Judge determined that the examinations by Schwartz constituted IMEs, and precluded Schwartz's reports from the record for failing to comply with the statutes and regulations applicable to IME reports. The Workers' Compensation Board affirmed, and claimant now appeals.

We affirm. Claimant contends that Schwartz was an attending physician and, therefore, his examinations were not subject to the statutory and regulatory requirements applicable to

IMEs. An attending physician is defined as "the provider or practitioner who has primary responsibility for treating the claimant for the injury or illness for which such claimant is being examined" (12 NYCRR 300.2 [b] [1]). A review of the record reveals that Schwartz did not treat claimant for her injuries at the time of the examinations, and his reports are limited predominantly to determinations regarding schedule loss of use. Therefore, we find no reason to disturb the Board's determination that Schwartz's examinations were IMEs (*see* Workers' Compensation Law § 137 [9]; 12 NYCRR 300.2 [b] [4]).

We further reject claimant's contention that, even if Schwartz was an independent medical examiner, his reports substantially complied with the statutory and regulatory requirements of IME reports. Such reports must be submitted by the examiner to the Board, the workers' compensation carrier, claimant's attending physician and claimant, on the same day and in the same manner (*see* Workers' Compensation Law § 137 [1] [a]; *Matter of Clark v Siara Mgt., Inc.*, 16 AD3d 821, 822 [2005], *lv dismissed* 4 NY3d 882 [2005]). Notably, IME reports that do not substantially comply with Workers' Compensation Law § 137 will not be admitted as evidence of, among other things, proof of schedule loss of use (*see* 12 NYCRR 300.2 [d] [9]). Moreover, to be admissible, all IME reports must also include a signed certification "that the report is a full and truthful representation of the independent medical examiner's professional opinion with respect to the claimant's condition" (Workers' Compensation Law § 13-a [4] [e] [i]). Here, there is no indication in the record that Schwartz's reports were provided to all parties or accompanied by a signed certification of truthfulness. Accordingly, the IME reports were properly precluded (*see generally Matter of Olczyk v Verizon N.Y., Inc.*, 33 AD3d 1109, 1109 [2006]).

Finally, we are unpersuaded by claimant's contention that requiring IME reports from her independent medical examiner to comply with the applicable statutory and regulatory requirements is contrary to the intent of the statute. Although claimant argues that the statute was enacted solely to protect injured workers from improper and fraudulent independent medical examinations by the carriers' physicians, there is nothing in the statute that differentiates between IMEs conducted on behalf of the employer and those done on behalf of the claimant (*see* Workers' Compensation Law § 137). Furthermore, a review of the legislative history reveals that the protections included in Workers' Compensation Law § 137 were intended to remedy incidents of IME reports being fraudulently altered to misrepresent the level of a work-related injury, without distinguishing

between IME reports proffered by employers and those presented by claimants (*see* Sponsor's Mem, Bill Jacket, L 2000, ch 473).

We have considered claimant's remaining argument and found it to be without merit.

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.