■ In the Matter of the Claim of HAZEL HOPE, Respondent, v WARREN COUNTY BOARD OF ELECTIONS, by and through WARREN COUNTY SELF INSURANCE PLAN, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [934 NYS2d 245]—

Stein, J.

On November 3, 2009, claimant sustained an injury while working for the employer as a polling inspector. At the time of the injury, claimant also maintained concurrent employment with a retail clothing store. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's average weekly wage with the employer to be $3.56 and her average weekly wage from her concurrent employment to be $77.13. Using these figures, the WCLJ determined that claimant's total average weekly wage was $80.69. The WCLJ made awards for claimant's concurrent employment average weekly wage for the time periods of claimant's temporary total and temporary partial disability and directed the employer's workers' compensation carrier to continue awards at the temporary partial disability rate of $80.69 per week. The carrier

appealed this decision to the Workers' Compensation Board, arguing, among other things, that awards should have been based only on claimant's primary average weekly wage of $3.56 inasmuch as it could no longer obtain reimbursement from the Special Disability Fund for additional amounts attributable to an employee's concurrent employment. The Board affirmed the WCLJ's decision, prompting this appeal by the carrier.

We affirm. Workers' Compensation Law § 14 (6) provides that, where an injured employee has concurrent employment, compensation is computed based upon the combined average weekly wage of those employments and payment for that compensation is made in the first instance by the primary employer in whose employment the injury occurred. For accidents or illnesses occurring prior to July 1, 2007, the primary employer was eligible for reimbursement from the Special Disability Fund of any amounts in excess of the compensation that the claimant would have received had there been no concurrent employment. However, Workers' Compensation Law § 14 (6) was amended so as to provide that reimbursement from the Special Disability Fund would only be available for claims presented in accordance with the newly enacted Workers' Compensation Law § 15 (8) (h) (2) (A) (*see* L 2007, ch 6, § 77). Notably, that statutory provision bars any reimbursement from the Special Disability Fund for claims with a date of accident or disablement on or after July 1, 2007 (*see* L 2007, ch 6, §§ 76, 77).

Here, consistent with this Court's recent decision in *Matter of Jaworek v Sears Roebuck & Co.* (67 AD3d 1161 [2009], *lv denied* 14 NY3d 704 [2010]), the Board found concurrent employment pursuant to Workers' Compensation Law § 14 (6) and determined that claimant's benefits were properly calculated based upon both employments. Nonetheless, the carrier argues that the sentence in that statute providing that primary employers "shall be liable for the benefits that would have been payable if the employee had had no other employment" (Workers' Compensation Law § 14 [6]) operates to impose a ceiling that limits the liability of primary employers, and that the ceiling survived the 2007 amendments. We do not agree. Clearly, this statutory phrase does not rule out greater liability on the part of the primary employer, and the carrier's citation to cases from this Court decided prior to the 2007 amendments does not call for a different result (*see e.g. Matter of Tucker v New York City Health & Hosps. Corp.*, 188 AD2d 34, 37 [1993]). Nor does the amended statutory language provide support for the proposition that concurrent employment should no longer be taken into account when calculating a claimant's average weekly wage.

Indeed, the unambiguous language of Workers' Compensation Law § 14 (6) expressly provides that the injured employee's "average weekly wages shall be calculated upon the basis of wages earned from all concurrent employments." Notably, the overall purpose of the Workers' Compensation Law is to provide benefits payable by an employer to an employee injured in the course of employment, without regard to fault (*see* NY Const, art I, § 18). The legislative history of the 2007 amendments indicates that, as relevant here, its purpose was to close the Special Disability Fund to new claims (*see* Sponsor's Mem, Bill Jacket, L 2007, ch 6). We find nothing in the legislative history indicating that the Legislature intended that injured workers receive reduced benefits as a result of the phasing out of that Fund. Thus, we decline to disturb the Board's decision.

The remaining arguments advanced by the carrier have been examined and found to be unpersuasive.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.