In the Matter of WILLIAM A. THOMAS, Respondent, v WARREN COUNTY DPW, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 579]—

Rose, J. 

Workers' Compensation Law § 14 (6) was amended as part of the comprehensive reforms enacted in 2007 (*see* L 2007, ch 6, § 77). Prior to the amendment, the statute provided that an employer required to pay compensation to a concurrently employed worker based on the average weekly wages of all concurrent employments was eligible for reimbursement from the Special Disability Fund for any additional benefits paid in excess of the benefits that would have been paid without concurrent employment (*see* Workers' Compensation Law § 14 [former (6)]). The 2007 amendment provided that the Fund would only be available for claims presented in accordance with the newly enacted Workers' Compensation Law § 15 (8) (h) (2) (A) which, as relevant here, bars an employer from filing a claim for reimbursement from the Fund for an injury with a date of accident or disablement on or after July 1, 2007 (*see* L 2007, ch 6, § 76).

The employer contends that, without the ability to be reimbursed by the Fund for the payment of additional benefits due to claimant's concurrent employment, it is no longer required to pay those additional benefits. Alternatively, the employer argues that the Fund has not been closed to requests for reimbursements made pursuant to Workers' Compensation Law § 14 (6) and that the amendment only places a time limit on applications for reimbursement. We previously have considered these arguments, however, and rejected them (*see Matter of Hope v Warren County Bd. of Elections*, 89 AD3d 1365, 1366-1367 [2011]; *Matter of Jaworek v Sears Roebuck & Co.*, 67 AD3d 1161, 1162-1163 [2009], *lv denied* 14 NY3d 704 [2010]; *see also Matter of Castelli v NRG*, 85 AD3d 1414, 1416 [2011], *lv denied* 17 NY3d 714 [2011]).

As we held in *Hope*, the amended statutory language closed the Fund to new claims after July 1, 2007, but concurrent employment must still be considered when calculating an injured worker's average weekly wage and there is no reduction of benefits to such workers (*Matter of Hope v Warren County Bd. of Elections*, 89 AD3d at 1367). To conclude otherwise would be to subvert the purpose of Workers' Compensation Law § 14 (6), and ignore the plain language of the 2007 amendment and the Legislature's intent to close the Fund (*see* L 2007, ch 6, §§ 76, 77; Assembly Mem in Support, Bill Jacket, L 2007, ch 6, at 28). The employer's remaining arguments have been considered and found to be unavailing.

Mercure, A.P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.