Rose, J.
The employer appeals, arguing that the Board improperly interpreted Workers’ Compensation Law § 13-a (7) by requiring it to reimburse claimant’s doctor for the EMG test. Added in *1305 2007 (see L 2007, ch 6, § 29), Workers’ Compensation Law § 13-a (7) (a) permits self-insured employers, among others, to contract with a provider “to perform diagnostic tests, x-ray examinations, magnetic resonance imaging, or other radiological examinations or tests of claimants.” If the requisite notice is given to a claimant (see Workers’ Compensation Law §§ 13-a [7] [b]; 110 [2]), the employer is further entitled to “require claimant to obtain or undergo such . . . tests with” the specified provider (Workers’ Compensation Law § 13-a [7] [a] [emphasis added]). There is no dispute that an EMG test is encompassed by the terms of Workers’ Compensation Law § 13-a (7). Also, none of the statutory exceptions applies, and claimant does not deny that she was given the proper notice requiring her to use the specific provider.
While the Board argues that its interpretation of the statute is entitled to deference, we view the issue as “one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent” (Matter of Belmonte v Snashall, 2 NY3d 560, 566 [2004] [internal quotation marks omitted]; see Matter of LaCroix v Syracuse Exec. Air Serv., Inc., 8 NY3d 348, 352 [2007]). Nevertheless, we find no support for the employer’s contention that it should not have to pay anything to the provider. The statute itself is silent on the question of the appropriate response where a claimant fails to use an employer’s specified provider, and nothing in the legislative history suggests that nonpayment is the appropriate remedy (see Assembly Mem in Support, Bill Jacket, L 2007, ch 6 at 24). Rather, the determination to require the employer to pay its in-network rate is in accord with the overall goal of the Workers’ Compensation Law to provide “a swift and sure source of benefits to injured employees” (Crosby v State of NY., Workers’ Compensation Bd., 57 NY2d 305, 313 [1982]; see Matter of Simpson v Glen Aubrey Fire Co., 86 AD2d 909, 910 [1982]), as well as the specific provisions of the statute requiring employers to pay for medical expenses and preventing providers from collecting payment from injured workers (see Workers’ Compensation Law §§ 13 [a]; 13-f [1]). Further, allowing the employer to avoid any payment to the provider would harm medical providers who may not be aware that the employer has contracted with a specified provider and could, as a result, deter providers from participating in the workers’ compensation system (see Workers’ Compensation Law § 13-a [1]; [7] [b]). We also note that the employer did not argue before the Board that there would be any broader or indirect financial impact resulting from its paying the rate set with its specified provider to others, and no proof in the record before us supports that claim.
*1306 In sum, the employer’s interpretation finds no support in the statute or its history, it would subvert those statutory provisions requiring employers to pay medical expenses and would have no obvious deterrent effect upon claimants who ignore their employers’ provider contracts. Accordingly, we decline to disturb the Board’s decision (see Matter of Hope v Warren County Bd. of Elections, 89 AD3d 1365, 1367 [2011]; Matter of Carter v Von Roll Isola, USA, Inc., 25 AD3d 987, 989 [2006]; Matter of Coratti v Jon Josef Hair & Colour Group, 17 AD3d 768, 769-770 [2005]).
Mercure, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.