■ In the Matter of the Claim of JOSE PEREZ, Claimant, v SN GOLD CORP., Appellant, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [64 NYS3d 411]—

Pritzker, J. Appeal from a decision of the Workers' Compensation Board, filed July 28, 2016, which ruled, among other things, that claimant sustained a further causally-related disability.

In 1991, and while working for the employer, a gold jewelry manufacturer, claimant was robbed at gunpoint. In 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) filed a decision finding that claimant had a work-related injury of posttraumatic stress disorder (hereinafter PTSD), which was thereafter affirmed by the Workers' Compensation Board. After a hearing in 2015, a WCLJ found that claimant continued to suffer from the previously established work-related PTSD and that claimant had a temporary marked partial disability, and she awarded compensation from the hearing date forward at

the tentative rate of $109.48 weekly. The Board affirmed the WCLJ decision on administrative review, prompting this appeal by the employer.

Initially, substantial evidence supports the Board's determination of a further causally-related disability. Based on an interview with claimant and psychological testing, the psychologist Ranita Fooks opined that claimant suffered PTSD as a result of the 1991 robbery. Fooks specifically opined that claimant suffered from a temporary marked partial disability and more generally explained that, when she examined him, claimant "presented as pretty severely disabled." A report from psychologist Elina Spektor reached a similar conclusion, that claimant suffers a temporary marked partial disability in the form of PTSD resulting from the robbery. The foregoing provides substantial evidence to support the Board's determination (*see Matter of Lucke v Ellis Hosp.*, 119 AD3d 1050, 1051 [2014]; *Matter of Giudi v New Paltz Fire Dept.*, 101 AD3d 1347, 1348 [2012]; *Matter of Marillo v Cantalician Ctr. for Learning*, 263 AD2d 719, 721 [1999]).

Further, we find without merit the employer's contention that the decision should be reversed because the WCLJ found the independent medical examination (hereinafter IME) report inadmissible due to noncompliance with Workers' Compensation Law § 137 (1) (a). Pursuant to Workers' Compensation Law § 137 (1) (a), "[a] copy of each report of [an IME] shall be submitted by the practitioner on the same day and in the same manner to the [B]oard, the insurance carrier, the claimant's attending physician or other attending practitioner, the claimant's representative and the claimant." 12 NYCRR 300.2 (d) (4) (iii) more specifically provides that "[w]hen a claimant treats with more than one attending physician or practitioner, the independent medical examiner shall provide a copy of the report of the [IME] to any attending physician or practitioner who has treated the claimant in the past six months for the condition that is the subject of the [IME]." "IME reports that do not substantially comply with Workers' Compensation Law § 137 will not be admitted as evidence" (*Matter of Estanluards v American Museum of Natural History*, 53 AD3d 991, 992 [2008]; *see* 12 NYCRR 300.2 [d] [12]; *see generally Matter of Stoudenmyre v Loretto Rest Nursing Home*, 17 AD3d 906, 907 [2005]).

Although the employer concedes that it failed to provide copies of the IME to claimant's attending physicians, it argues that it nonetheless substantially complied with Workers' Compensation Law § 137 (1) (a). We reject the employer's

contention that by providing copies of the IME report to some, but not all, of the individuals and entities entitled to those copies pursuant to Workers' Compensation Law § 137 (1) (a), it substantially complied with that provision. Accordingly, we find no reason to disturb the Board's determination that the IME report was inadmissible (*see Matter of Sola v Corwin*, 98 AD3d 1203, 1204 [2012]; *Matter of Olczyk v Verizon N.Y., Inc.*, 33 AD3d 1109, 1109 [2006]). The employer's remaining contentions have been considered and are without merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.