Matter of Esposito v Tutor Perini Corp. (2018 NY Slip Op 00875)





Matter of Esposito v Tutor Perini Corp.


2018 NY Slip Op 00875


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

525010

[*1]In the Matter of the Claim of JOSEPH ESPOSITO, Appellant,
v
TUTOR PERINI CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Edward R. Scheine, Hauppauge (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Jones, Jones, LLC, New York City (David Secemski of counsel), for Tutor Perini Corporation and another, respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed August 25, 2016, which ruled, among other things, that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.
Claimant filed an application for workers' compensation benefits alleging that he suffered from various lung diseases caused by years of exposure to pollutants while working as a laborer for a construction company. The Workers' Compensation Board, among other things, precluded from consideration the
reports and testimony of one of claimant's medical experts, Lester Ploss, due to a lack of compliance with statutory and regulatory provisions governing independent medical examination (hereinafter IME) reports. The Board ultimately found insufficient credible evidence to warrant establishment of the claim for workers' compensation benefits. Claimant appeals.
We affirm. Claimant's assertion that Ploss should not be considered an independent medical examiner is without merit. Whether the workers' compensation carrier or claimant requested the examination is irrelevant in determining whether a medical examiner qualifies as an independent medical examiner. The record establishes that Ploss examined claimant for the [*2]purpose of providing an opinion with respect to claimant's diagnosis of a disability and causal relationship, rendering him an independent medical examiner (see 12 NYCRR 300.2 [b] [4], [5]). Ploss was accordingly required, pursuant to Workers' Compensation Law § 137 (1), to submit any IME reports to, among others, the Board. 12 NYCRR 300.2 (d) (3) further provides that where an independent medical examiner is "provided with information, such as documents, reports, records, and/or test results, for review in connection with an [IME] or a review of records," that information must also be submitted to the Board for inclusion in the official file. Here, Ploss' IME reports reference documents, including X-ray reports and reports from his treating physician, which were not contained in the Board's file. Therefore, inasmuch as there was not substantial compliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2, the Board properly precluded the IME reports and testimony of Ploss (see 12 NYCRR 300.2 [d] [3]; Matter of Perez v SN Gold Corp., 155 AD3d 1298, 1299 [2017]; Matter of Estanluards v American Museum of Natural History, 53 AD3d 991, 992 [2008]).
To the extent that claimant challenges the merits of the Board's decision, we find that substantial evidence supports said decision. The Board credited the medical testimony of Monroe Karetzky, who examined claimant, performed a pulmonary function test and reviewed claimant's medical records. Karetzky opined that claimant's pulmonary issues resulting in his disability were attributable to a history of cigarette smoking and not from his work environment. The conflicting evidence presented by claimant was deemed by the Board to be unreliable. Furthermore, the Board discredited claimant's account of his work history and personal smoking habits, finding it to be inaccurate and contradicted by other record evidence. Inasmuch as the Board is vested with the authority to make its own credibility determinations and resolve conflicting medical evidence (see Matter of Jones v New York State Dept. of Correction, 35 AD3d 1025, 1026 [2006]), and given that substantial evidence supports the Board's decision, it will not be disturbed (see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]; Matter of Gilman v Champlain Val. Physicians Hosp., 23 AD3d 860, 861 [2005]).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.