Matter of Keller v Cumberland Farms (2019 NY Slip Op 09074)





Matter of Keller v Cumberland Farms


2019 NY Slip Op 09074


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528627

[*1]In the Matter of the Claim of Frederick W. Keller, Appellant,
v
Cumberland Farms et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Fusco Brandenstein & Rada, Woodbury (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Goldberg Segalla LLC, Buffalo (Cory A. DeCresenza of counsel), for Cumberland Farms and another, respondents.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 29, 2018, which ruled, among other things, that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed October 24, 2018, which denied claimant's request for reconsideration and/or full Board review.
Claimant applied for workers' compensation benefits alleging that he contracted bladder and kidney cancer as the result of years of exposure to carcinogens while working as a diesel mechanic for the employer. The Workers' Compensation Board precluded the report of claimant's independent medical examiner, Lester Ploss, due to a lack of compliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2. The Board further found that the record lacked sufficient credible medical evidence demonstrating an occupational disease and disallowed the claim. Claimant sought reconsideration and/or full Board review, and the Board denied the application. Claimant appeals from both decisions.
We affirm. Workers' Compensation Law § 13-a (6) proscribes "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." Pursuant to Workers' Compensation Law § 137 (1) (b), "[i]f a practitioner who has performed or will be performing an independent medical examination of a claimant receives a request for information regarding the claimant, . . . the practitioner shall submit a copy of the request for information to the [B]oard within [10] days of receipt of the request." A request for information "means any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity, . . . that takes place or is initiated outside of the independent medical examination, including . . . the provision of information to the examiner for review in connection with a request for the examiner's professional opinion with regard to the claimant or the examination" (12 NYCRR 300.2 [b] [11]).
Ploss testified that he received a letter from claimant's counsel which "describe[ed] the maladies, the problems, that [claimant] had" and constituted a "request for information" pursuant to Workers' Compensation Law § 137 (1) and 12 NYCRR 300.2 (b) (11). Inasmuch as Ploss admittedly did not submit a copy of the letter to the Board, we agree with the Board that Ploss did not comply with Workers' Compensation Law § 137 and 12 NYCRR 300.2 (b) (11) (see 12 NYCRR 300.2 [d] [5]). Although we agree with claimant that neither the statute nor the regulation abrogates the attorney-client privilege (see Workers' Compensation Law § 137 [1] [b], [c]; 12 NYCRR 300.2 [b] [11]), claimant has not argued, let alone demonstrated, that the privilege would have been violated by the submission of the letter to the Board.
The independent medical examiner must also "provide copies of the report of an independent medical examination as required by Workers' Compensation Law § 137 (1) (a) together with any questionnaires or intake sheets completed by the claimant at the request of the independent medical examiner by filing such report and questionnaire with the form prescribed by the Chair for such purpose with the Board" (12 NYCRR 300.2 [d] [4] [iii]). Ploss testified that he had claimant fill out an intake sheet, but he did not file the sheet with the Board. The Board was free to find that there was not substantial compliance with the requirements of Workers' Compensation Law § 137 and 12 NYCRR 300.2 in light of Ploss' failure to submit the letter from claimant's counsel and claimant's intake sheet to the Board. Thus, the Board properly precluded Ploss' report and testimony (see Matter of Esposito v Tutor Perini Corp., 158 AD3d 912, 913 [2018], lv denied 31 NY3d 906 [2018]; Matter of Perez v SN Gold Corp., 155 AD3d 1298, 1299-1300 [2017]). Claimant's remaining contentions, to the extent not specifically discussed herein, have been reviewed and found to be without merit.
Clark, J.P., Mulvey and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.