Matter of Harris v Department of Envtl. Protection (2023 NY Slip Op 02918)

Matter of Harris v Department of Envtl. Protection

2023 NY Slip Op 02918

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534963
[*1]In the Matter of the Claim of Kevin Harris, Appellant,
v
Department of Environmental Protection, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Emma L. Semerad of counsel), for Department of Environmental Protection, respondent.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 10, 2022, which, among other things, precluded claimant's evidence of schedule loss of use.
In April 2019, claimant, a construction worker, filed a claim for workers' compensation benefits alleging that he sustained work-related injuries while removing a heavy box from a shelf. The claim was established for injuries to the right shoulder, right wrist and right elbow and later amended to include carpel tunnel syndrome. In July 2020, Louis Rose, an orthopedic surgeon who had examined claimant in May 2020, filed a C-4.3 form (Doctor's Report of MMI/Permanent Partial Impairment) and found therein that claimant's injuries had reached maximum medical improvement and were permanent and that claimant had sustained a 40% schedule loss of use (hereinafter SLU) of the right shoulder, a 12.5% SLU of the right elbow and a 37.5% SLU of the right wrist. Following the deposition of Rose on April 26, 2021, a hearing ensued on May 11, 2021 at which the self-insured employer challenged Rose's credibility and further argued that Rose's May 2020 examination of claimant constituted an independent medical examination (hereinafter IME). As such, the employer maintained that Rose's July 2020 report should be precluded because Rose failed to comply with the statutory and regulatory provisions governing IME reports. After crediting the employer for prior SLU awards received by claimant for the right arm and right hand, a Workers' Compensation Law Judge (hereinafter WCLJ) found, without addressing the IME question, that claimant was entitled to a 15% SLU of the right hand and no SLU of the right arm. Upon administrative appeal,[FN1] the Workers' Compensation Board found sua sponte that the examination by Rose constituted an IME and precluded from consideration the permanency report and testimony of Rose because that report was not timely filed with the Board and not furnished to the carrier and other physicians treating claimant. As a result, the Board found insufficient credible evidence to make a SLU award to claimant. Claimant appeals.
We affirm. Claimant's assertion that Rose should not be considered an independent medical examiner is without merit. An attending physician is defined as the "provider[ ] or practitioner[ ] who ha[s] primary responsibility for treating the claimant for the injury or illness for which such claimant is being examined" (12 NYCRR 300.2 [b] [1]; accord Matter of Estanluards v American Museum of Natural History, 53 AD3d 991, 992 [3d Dept 2008]). A review of the record reveals that, at the time of the May 11, 2020 examination, Rose did not treat claimant for his injuries, and his examination on that date and subsequent report were for the purpose of, and limited to, making a determination regarding whether claimant's injuries had reached maximum medical improvement and claimant's SLU and, therefore, the examination was an IME (see 12 NYCRR 300.2 [b] [4]; Matter of Belmonte [*2]v Snashall, 2 NY3d 560, 563 n 1 [2004]) . To the extent that claimant argues that Rose was his attending physician, and not an independent medical examiner, because Rose provided treatment to him during March 2020 and April 2020 examinations, the April 2020 report is not in the record, and, as the Board found, the only plan of care or treatment that Rose provided following the March 2020 examination was for claimant to "[c]ontinue taking medications as prescribed" by his other treating providers. In his deposition, Rose testified that he did not believe claimant needed any additional treatment. As such, substantial evidence supports the Board's determination that Rose's May 2020 examination was an IME and that Rose acted as an independent medical examiner on behalf of claimant (see Workers' Compensation Law §§ 123, 137 [9]; 12 NYCRR 300.2 [b] [4], [5]; Matter of Esposito v Tutor Perini Corp., 158 AD3d 912, 913 [3d Dept 2018], lv denied 31 NY3d 906 [2018]; Matter of Estanluards v American Museum of Natural History, 53 AD3d at 992; compare Matter of Connolly v Covanta Energy Corp., 172 AD3d 1839, 1840-1841 [3d Dept 2019]).
We further reject claimant's contention that Rose's report substantially complied with the statutory and regulatory requirements governing IME reports. "Such reports must be submitted by the examiner to the Board, the workers' compensation carrier, claimant's attending physician and claimant, on the same day and in the same manner" (Matter of Estanluards v American Museum of Natural History, 53 AD3d at 992; see Workers' Compensation Law § 137 [1] [a]; Matter of Connolly v Covanta Energy Corp., 172 AD3d at 1840; Matter of Sola v Corwin, 98 AD3d 1203, 1203-1204 [3d Dept 2012]; Matter of Clark v Siara Mgt., Inc., 16 AD3d 821, 822 [3d Dept 2005], lv dismissed 4 NY3d 882 [2005]). The relevant regulations provide that "IME reports that do not substantially comply with Workers' Compensation Law § 137 will not be admitted as evidence of, among other things, proof of schedule loss of use" (Matter of Estanluards v American Museum of Natural History, 53 AD3d at 992; see 12 NYCRR 300.2 [b] [4]; [d] [12]; Matter of Perez v SN Gold Corp., 155 AD3d 1298, 1299 [3d Dept 2017]; Matter of Clark v Siara Mgt., Inc., 16 AD3d at 822). Here, there is no indication in the record that Rose's July 2020 report on permanency and SLU was filed with the Board in a timely manner or that it was ever furnished to the required parties. Accordingly, the IME report was properly precluded (see Workers' Compensation Law § 137 [1]; 12 NYCRR 300.2 [d]; Matter of Perez v SN Gold Corp., 155 AD3d at 1300; Matter of Estanluards v American Museum of Natural History, 53 AD3d at 992; see also Matter of Olczyk v Verizon N.Y., Inc., 33 AD3d 1109, 1109 [3d Dept 2006]). We have considered claimant's remaining arguments and find them to be without merit.
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: We are mindful that the employer did not raise the IME issue on appeal, but the Board was still authorized to address the issue (see Workers' Compensation Law § 123).